UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JEFFREY THORNHILL,                              No. 2:04-CV-0947-MCE-GGH

          Plaintiff,

     v.                                         MEMORANDUM AND ORDER

OFFICER STEVE PERRY
individually and in his
capacity as a Stockton Police
Officer; OFFICER PAUL BONNET
individually and in his
capacity as a Stockton Police
Officer; SGT. MEADORS
individually and in his
capacity as a Sergeant of the
Stockton Police Department;
EDWARD CHAVEZ individually and
in his capacity as Stockton
Chief of Police; Does 1-50,

          Defendants.

                              ----oo0oo----


     Through the present action, Plaintiff Jeffrey Thornhill

("Thornhill") claims that Defendants Paul Bonnet, Steve Perry,

Sergeant Meadors and Edward Chavez, individually and in their

capacities as members of the Stockton Police, violated his civil

                                   1

1  rights during the course of effecting his arrest.[1]  Presently

2  before the Court are three separate but related issues as

3  follows: 1) Plaintiff's Motion to Withdraw Admissions; 2)

4  Plaintiff's Dismissal of All Parties Except Paul Bonnet; 3)

5  Defendants' Motion for Summary Judgment or in the Alternative

6  Motion for Summary Adjudication; and 4) Supplemental Jurisdiction

7  over State Law Claims.  Each shall be considered in turn below.

8

9                              **BACKGROUND**

10

11       On March 7, 2003, Plaintiff alleges he was using his

12  father's truck to transport a friend, Erica McCleary, to a nearby

13  hospital emergency room.  Upon arrival at the hospital, McClearly

14  alerted staff she had been battered by Plaintiff and that he was

15  in possession of a firearm in the parking lot.  Officers Perry

16  and Bonnett were dispatched to the scene and immediately

17  identified Plaintiff sitting in his vehicle.  As the officers

18  approached Plaintiff, they instructed him to raise his hands and

19  exit the vehicle.  Immediately thereafter, Plaintiff engaged the

20  vehicle in reverse and quickly backed out of the stall.

21  Plaintiff then stopped the vehicle and began to move forward

22  toward the exit of the parking lot.  As he lurched forward, his

23  vehicle grazed Officer Bonnet.  Officer Bonnett then discharged

24  his weapon twice into the rear of Thornhill's truck striking

25  Plaintiff once in the shoulder.

26
_____

27       [1] Because oral argument will not be of material assistance,
    the Court orders this matter submitted on the briefs.  E.D. Cal.
28  Local Rule 78-230(h).

Plaintiff nonetheless proceeded from the parking lot at a high rate of speed and was later apprehended by other officers. Plaintiff pled guilty to felony assault with a deadly weapon, resisting a peace officer causing serious bodily injury and possession of a firearm with priors.  The present action ensued.

**STANDARD**

**A.   WITHDRAWAL OF ADMISSIONS**

Federal Rule of Civil Procedure 36(a) provides that "[e]ach matter of which an admission is requested...is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing..."  The Court may, at its discretion, allow the withdrawal or amendment of admissions per Rule 36(b). The court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby, and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits. *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007).  This rule is permissive, rather than mandatory.  *Id.*

///
///
///
///
///

**B.    SUMMARY JUDGMENT**

The Federal Rules of Civil Procedure provide for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

Rule 56 also allows a court to grant summary adjudication on part of a claim or defense.  *See* Fed. R. Civ. P. 56(a) ("A party seeking to recover upon a claim ... may ... move ... for a summary judgment in the party's favor upon all or any part thereof."); *see also Allstate Ins. Co. v. Madan*, 889 F. Supp. 374, 378-79 (C.D. Cal. 1995); *France Stone Co., Inc. v. Charter Township of Monroe*, 790 F. Supp. 707, 710 (E.D. Mich. 1992).

The standard that applies to a motion for summary adjudication is the same as that which applies to a motion for summary judgment.  *See* Fed. R. Civ. P. 56(a), 56(c); *Mora v. ChemTronics*, 16 F. Supp. 2d. 1192, 1200 (S.D. Cal. 1998).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. at 323(quoting Rule 56(c)).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986); *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968).

In attempting to establish the existence of this factual dispute, the opposing party must tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(e).  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 251-52 (1986); *Owens v. Local No. 169, Assoc. of Western Pulp and Paper Workers*, 971 F.2d 347, 355 (9th Cir. 1987).  Stated another way, "before the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed."  *Anderson*, 477 U.S. at 251 (quoting *Improvement Co. v. Munson*, 14 Wall. 442, 448, 20 L.Ed. 867 (1872)).

///

///

///

As the Supreme Court explained, "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts .... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 586-87.

In resolving a summary judgment motion, the evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. *Anderson*, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987).

**C.   ANALYSIS**

**1.   Motion to Withdraw Admissions**

On October 20, 2006, Defendants sought admissions from Plaintiff regarding the facts giving rise to this action. Plaintiff received those requests for admissions, but failed to reply.  Long after the deadline under Rule 36 and the deadline for discovery under the Court's Pretrial Scheduling Order, Plaintiff made the present Motion to Withdraw his earlier admissions.

As noted above, pursuant to Rule 36, "[e]ach matter of which an admission is requested...is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing...."

In his Motion to Withdraw, Plaintiff alleges he simply did not understand the import of failing to respond to Defendants' requests for admissions.  Plaintiff attributes his lack of understanding to both his status as a *pro se* litigant as well as his allegation that Defendants offered him an "open extension" of time to respond.  Conversely, Defendants allege Plaintiff was clearly aware of the discovery cut-off and that no such extension was offered.  Defendants further allege potential hardship in the event the Court grants Plaintiff's Motion.

As an initial matter, Defendants' requests for admissions have gone unanswered well past the period provided for by Fed. R. Civ. P. 36(a) and the period provided for in the Court's Pretrial Scheduling Order.  That fact alone is sufficient for the Court to deny Plaintiff's Motion.  In addition, however, to the extent Plaintiff argues there was an extension of those deadlines granted by Defendants, the Court finds such an extension improper and invalid.  Specifically, any extension of the Court's discovery deadline would require compliance with the Local Rules and this Court's Order granting such an extension.  Clearly, no such Order has been granted.  Lastly, while denying Plaintiff's Motion would practically eliminate presentment of the merits of his case, granting Plaintiff's Motion would irreparably prejudice Defendants.  *Conlon*, 474 F.3d at 622.

Defendants have relied upon the admissions through the discovery cut-off dates, even going so far as to rely on those admissions to prepare the present Motion for Summary Judgment.  In the event the Court were to grant Plaintiff's Motion, Defendants would be forced to rely upon potentially unavailable witnesses for an incident that occurred more than four years ago.  Accordingly, this Court finds that Plaintiff's Motion for Withdrawal of Admissions is properly DENIED.

## 2. Plaintiff's Dismissal of All Parties Except Paul Bonnet

In Plaintiff's Memorandum of Points and Authorities opposing Defendant's Motion for Summary Judgment, Plaintiff states that he wishes to "...dismiss all defendant's [sic] except Officer Bonnet[.]"  In addition, Plaintiff's attached Declaration in Opposition to Motion for Summary Judgment again clarifies he wishes to voluntarily dismiss all Defendants save Officer Bonnett.

The Court liberally construes the pleadings and efforts of *pro se* litigants affording more leeway than it would to a party represented by counsel.  *U.S. v. Ten Thousand Dollars*, 860 F.2d 1511, 1513 (9th Cir. 1988).  While a liberal construction has been accorded to Plaintiff's pleadings, the Court nonetheless finds Plaintiff has voluntarily dismissed his claims against Defendants Steve Perry, Sergeant Meadors and Edward Chavez. Accordingly, Perry, Meadors and Chavez are hereby DISMISSED.

///

///

**3.  Defendant's Motion for Summary Judgment**

As noted above, Plaintiff claims that Defendant Paul Bonnet, individually and in his capacity as a Stockton Police Officer, violated Plaintiff's civil rights during the course of arresting him.  Specifically, Plaintiff alleges federal claims under the Civil Rights Act of 1871 ("Section 1983"), 42 U.S.C. § 1983, including violations of equal protection, due process and illegal search and seizure.  More specifically, Plaintiff contends that police officers may not use deadly force in preventing an unarmed, non-threatening suspect from escaping.[2]  Defendant claims he did not violate Plaintiff's constitutional rights, and to the extent the Court finds otherwise, he is protected by qualified immunity.[3]

Excessive force claims arising in the context of an arrest or investigatory stop are properly characterized as invoking the protections of the Fourth Amendment.  *Graham v. Connor*, 490 U.S. 386, 394 (1989).  These claims are generally to be analyzed under the Fourth Amendment and its reasonableness standard.  *Id.* at 395.

///

///

///

---

[2] Plaintiff also seeks relief on state law grounds including assault and battery as well as negligence and failure to supervise.

[3] Because this Court finds no violation of Plaintiff's constitutional rights, an analysis of Defendant's qualified immunity is unnecessary.

This standard is not capable of precise definition, and its
application requires careful attention to the facts of each
particular case, including the severity of the crime at issue,
whether the suspect poses an immediate threat to the safety of
the officers or others, and whether he is actively resisting
arrest or attempting to escape.  *Id.* at 396.  Moreover, the
reasonableness of the use of force in making an arrest must be
judged from the perspective of a reasonable officer on the scene.
*Id.*

　　　In the present action, the admissions obtained by Defendants
operate as controlling facts.  Defendant obtained the following
admissions relevant to an excessive force analysis:

　　　　　1.　　Plaintiff was in his truck in St. Joseph's Medical
　　　　　　　　Center parking lot when he was approached by a
　　　　　　　　police officer with his gun drawn, pointed at
　　　　　　　　Plaintiff.  Defendants' Request for Admission
　　　　　　　　No. 7.

　　　　　2.　　Plaintiff was in the parking lot because he had
　　　　　　　　beat up his girlfriend, who was in the emergency
　　　　　　　　room receiving medical attention.  Defendants'
　　　　　　　　Request for Admission No. 28.

　　　　　3.　　Plaintiff knew the officers were there to speak to
　　　　　　　　him regarding his girlfriend.  Defendants' Request
　　　　　　　　for Admission No.  29.

　　　　　4.　　At least one police officer advised Plaintiff to
　　　　　　　　put his hands up.  Defendants' Request for
　　　　　　　　Admission No. 8.

///

10

5.  Instead of raising his hands, Plaintiff started the engine of his truck and backed out of the parking stall, nearly hitting a police officer. Defendants' Request for Admission No. 9.

6.  Plaintiff was aware the officers wanted to speak to him.  Defendants' Request for Admission No. 10.

7.  Plaintiff attempted to run over at least one of the officers.  Defendants' Request for Admission No. 13.

8.  An officer shot at Plaintiff as Plaintiff lunged his truck at the officer.  Defendants' Request for Admission No. 14.

9.  Plaintiff was aware that the officers wanted him to stop.  Defendants' Request for Admission No. 17.

10. Prior to exiting the parking lot, Plaintiff stopped his truck at the end of the driveway and attempted to back up in order to hit the officers. Defendants' Request for Admission Nos. 20-21.

11. Plaintiff struck Defendant with his truck. Defendants' Request for Admission No. 23.

12. The officers yelled numerous times for Plaintiff to stop.  Defendants' Request for Admission No. 26.

13. Plaintiff attempted to hit the officers so he could get away.  Defendants' Request for Admission No. 27.

///

11

14.   Plaintiff was willing to do whatever was necessary to avoid getting arrested, including hurting the police officers.  Defendants' Request for Admission No. 30.

15.   Defendant shot Plaintiff in self defense as Plaintiff was attempting to hit Defendant with his truck.  Defendants' Request for Admission No. 35.

The foregoing admissions conclusively establish that Plaintiff was a suspect in a violent crime.  Further, these admissions establish Plaintiff attempted to repeatedly strike Officers Perry and Bonnett with his truck in order to escape custody.  *See* Fed. R. Civ. P. 36.

Where a police officer has probable cause to believe the suspect poses a threat of serious physical harm, either to the officer or to others, it is not constitutionally unreasonable to prevent escape by using deadly force.  *Brosseau v. Haugen,* 543 U.S. 194, 197-98 (2004) (quoting *Tennessee v. Garner,* 471 U.S. 1, 11 (1985)).  In the instant case, Officer Bonnett had such probable cause.  Given the foregoing findings, the Court concludes Officer Bonnett's actions on the Morning of March 7, 2003, did not violate Plaintiff's constitutional rights.  Accordingly, Summary Judgment on Plaintiff's federal claims in favor of Defendant Bonnett is proper and hereby GRANTED.

///
///
///
///
///

12

1          **4.   State Law Claims**

2

3          Plaintiff has alleged several state law causes of action

4    including assault and battery, negligence and failure to

5    supervise.  The district courts may decline to exercise

6    supplemental jurisdiction over state claims if it has dismissed

7    all claims over which it has original jurisdiction.  28 U.S.C.

8    § 1367.  As is clearly set forth above, the Court has concluded

9    that Plaintiffs' federal causes of action fail.  Consequently,

10   the Court elects not to exercise supplemental jurisdiction and,

11   hereby, dismisses the remaining state law causes of action

12   without prejudice.

13

14                            **CONCLUSION**

15

16         For the aforementioned reasons, Plaintiff's Motion to

17   Withdraw Admissions is DENIED; Defendants Perry, Meadors and

18   Chavez are hereby DISMISSED; Defendant's Motion for Summary

19   Judgment on Plaintiff's federal claims is GRANTED; and

20   Plaintiff's state claims are DISMISSED without prejudice.

21    Dated: July 9, 2007

22

23                           _____

24                           MORRISON C. ENGLAND, JR.
                             UNITED STATES DISTRICT JUDGE

25

26

27

28

                                    13